# Supreme Court of Florida

_____

No. SC21-1681

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF JUVENILE PROCEDURE—2021 FAST-TRACK REPORT.**

February 3, 2022
**CORRECTED OPINION**

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Juvenile Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a fast-track report proposing (1) amendments to Florida Rules of Juvenile Procedure 8.217 (Attorney Ad Litem), 8.305 (Shelter Petition, Hearing, and Order), 8.345 (Post-Disposition Relief), and 8.415 (Judicial Review of Dependency Cases); (2) a new rule 8.540 (Motion to Reinstate Parental Rights); (3) a new form 8.973A (Order on Judicial Review for Child Age 16); and (4) an

amendment to current form 8.973A and its redesignation as form 8.973B (Order on Judicial Review for Child Age 17 or Older).

The Florida Bar's Board of Governors unanimously approved the Committee's proposals. The Committee did not publish the proposals before filing them with the Court. Having considered the proposed amendments and relevant legislation, we hereby adopt the amendments as proposed, with one minor modification for amending the form 8.973 orders. The more significant amendments are discussed below.

First, rule 8.217 is amended to conform with recent legislative changes to section 39.522(3)(c), Florida Statutes (2021), which now requires an attorney for the child (rather than an attorney ad litem) to be appointed when a caregiver provides notice of objection to a change in the child's physical custody placement. Thus, "Attorney for the Child" is added to the title of the rule, a sentence is added to subdivision (b) (Appointment), explaining that the court must appoint an attorney for a child who is the subject of a motion to modify custody, and the phrase "an attorney ad litem" is now replaced with the phrase "any attorney appointed under this rule." Additionally, a comment is added to the rule explaining that these

- 2 -

changes were made in response to the statutory changes. Each rule change discussed herein includes such a comment.

Rule 8.305 (Shelter Petition, Hearing, and Order) is amended to conform with the newly enacted section 39.4021, Florida Statutes (2021), which articulates a prioritization for out-of-home placements, including fictive kin and nonrelatives. Accordingly, the phrase "fictive kin, or nonrelatives" is added throughout the rule. In addition, a new subdivision (c)(3) is created stating that an order granting shelter care must include a finding on reasonable efforts to place the child in accordance with the prioritization hierarchy articulated in section 39.4021 or explain why priority placement is not available or is not in the child's best interest. The subsequent subdivisions have therefore been renumbered, and renumbered subdivision (c)(5) now states that when sibling visitation or interaction is not ordered, the shelter order must explain why visitation or interaction is contrary to the safety or well-being of the child and must direct the department to immediately provide services that would reasonably be expected to ameliorate the risk to the child's safety or well-being and that may result in restoration of communication and visitation if such services are available.

Rule 8.345 (Post-Disposition Relief) is amended to conform with recent legislative changes to section 39.522, Florida Statutes, which now provides that a hearing must be held if "any party or the current caregiver denies the need for a change [to custody placement]" and creates a rebuttable presumption that it is in the child's best interest to remain permanently in the current physical placement if certain conditions are present. Accordingly, the phrase "any party or the current caregiver" is now used in place of the previous list of persons whose objection would require a hearing on these matters. Also, as the amendments to section 39.522 modified the factors a court must consider when changing custody placement and established a priority hierarchy for custody placement, the list of factors that were previously enumerated in subdivision (b)(1) is now replaced with a requirement for courts to "consider the best interests factors provided by law, the report filed by the multidisciplinary team, if applicable, and the priority of placements as provided by law, or as otherwise provided by law."

Also, a new subdivision (b)(2) is created to address the rebuttable presumption described in the recently enacted section 39.522(3)(b)1, and the subsequent subdivisions are renumbered to

- 4 -

accommodate the new subdivision. New subdivision (b)(2)(A) addresses the statutorily imposed rebuttable presumption, new subdivision (b)(2)(B) describes how a caregiver must notify the court of any objection to a change in physical custody, new subdivision (b)(2)(C) describes procedures for the initial case status hearing, and new subdivision (b)(2)(D) specifies when a court must conduct a hearing and issue an order to effectuate a change of custody.

Rule 8.415 (Judicial Review of Dependency Cases) is amended to address recent legislative changes to section 39.701(3), Florida Statutes (2021), which now requires a judicial review hearing when a dependent child turns 16. Such review was previously required only when a child turned 17. Thus, a new subdivision (b)(3) is added to rule 8.415 that explains the procedural requirements for this newly required judicial review hearing, and the subsequent subdivisions of rule 8.415 are renumbered to accommodate new subdivision (b)(3).

Next, a new rule 8.540 (Motion to Reinstate Parental Rights) is created to conform with the recently enacted section 39.8155, Florida Statutes (2021). To align with section 39.8155, rule 8.540(a) states that the parent whose rights were terminated, or the

child, may file a motion to reinstate the parent's parental rights, as provided by statute. Subdivision (b) (Initial Evidentiary Hearing on Motion) sets forth the procedures for the initial evidentiary hearing on such a motion, including the notice requirement and the burdens of production and persuasion. Subdivision (c) (Transition Period) describes the court's obligations upon determining that a movant met its burden at the initial hearing. Subdivision (d) (Final Evidentiary Hearing for Consideration of the Reinstatement of Parental Rights) describes the procedures for the final hearing, at which reinstatement of parental rights following the visitation period is to be considered. Subdivision (e) (Retention of Jurisdiction Following Reinstatement of Parental Rights) addresses retention of jurisdiction following reinstatement of parental rights.

Finally, a new form is created and designated as form 8.973A, to conform with section 39.701(3), Florida Statutes, which as stated above now requires an additional judicial review hearing when a dependent child turns 16. New form 8.973A specifically addresses this judicial review hearing and states that a court will consider a "Judicial Review Social Study Report filed by the department that includes specific information related to the life skills that the child

has acquired since the child's 13th birthday or since the date the child came into foster care, whichever came later." The previous form 8.973A (Order on Judicial Review for Child Age 17 or Older) is now redesignated as form 8.973B. Other than this renumbering, this form remains largely the same, though the form no longer requires the case plan to "include[] information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later." Due to the legislative changes, this language is relevant to the hearing conducted when the child turns 16 and is therefore now included in new form 8.973A, rather than in form 8.973B. The one modification we make is to redesignate current forms 8.973B and 8.973C to accommodate the new form A and the redesignated and amended form B.

Accordingly, we amend the Florida Rules of Juvenile Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately. Because the amendments were not published for comment

- 7 -

previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

---

1. All comments must be filed with the Court on or before April 19, 2022, with a certificate of service verifying that a copy has been served on the Committee Chair, Candice Kaye Brower, 235 S. Main Street, Suite 205, Gainesville, Florida 32601-6585, candice.brower@rc1.myflorida.com, and on the Bar Staff Liaison to the Committee, Mikalla Andies Davis, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, midavis@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 10, 2022, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Original Proceeding – Florida Rules of Juvenile Procedure

Candice K. Brower, Chair, Juvenile Court Rules Committee, Gainesville, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

**RULE 8.217.    ATTORNEY AD LITEM/<u>ATTORNEY FOR THE CHILD</u>**

**(a)    [No change]**

**(b)    Appointment.** The court may appoint an attorney ad litem to represent the child in any proceeding as allowed by law. <u>The court must appoint an attorney for the child who is the subject of a motion to modify custody as required by law.</u>

**(c)    [No change]**

**(d)    Service.** Any attorney ~~ad litem~~<u>appointed under this rule</u> is entitled to receive and must provide service of pleadings and documents as provided by rule 8.225.

## Committee Note

**2022 Amendment.** <u>Subdivision (b) was amended in response to ch. 2021-169, Laws of Florida.</u>

**RULE 8.305.    SHELTER PETITION, HEARING, AND ORDER**

**(a)    [No change]**

**(b)    Shelter Hearing.**

(1) – (9) [No change]

(10)  The court shall inquire of the parents whether the parents have relatives<u>, fictive kin, or nonrelatives</u> who might be considered for placement of the child. The parents shall provide to the court and all parties identification and location information regarding the relatives<u>, fictive kin, or nonrelatives</u>. The court shall advise the parents that the parents have a continuing duty to inform the department of any relatives<u>, fictive kin, or nonrelatives</u> who should be considered for placement of the child.

(11) – (15) [No change]

**(c)** **Shelter Order.** An order granting shelter care must identify the parties present at the hearing and contain written findings that:

(1) – (2) [No change]

(3)   the department made reasonable efforts to place the child in the order of priority provided in Chapter 39, Florida Statutes, or why such priority placement is not a placement option or in the best interest of the child based on the criteria established by law;

(3~~4~~) [No change]

(4~~5~~) specifies on-going visitation or interaction between the siblings or if sibling visitation or interaction is not ~~recommended~~ordered, specifies why visitation or interaction would be contrary to the safety or well-being of the child and, if services are available that would reasonably be expected to ameliorate the risk to the child's safety or well-being and may result in the communication and visitation being restored, directs the department to immediately provide such services;

(5~~6~~) [No change]

(6~~7~~) [No change]

(7~~8~~) [No change]

(8~~9~~) [No change]

(9~~10~~)[No change]

(10~~1~~)[No change]

(11~~2~~)[No change]

**(d)**   **[No change]**

- 11 -

## Committee Note

**2022 Amendment**. Multiple sections of this rule were amended in response to ch. 2021-169, Laws of Florida.

## RULE 8.345.   POST-DISPOSITION RELIEF

(a)   **Motion for Modification of Placement.** At any time before a child is residing in the permanent placement approved at the permanency hearing, a child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision or legal custody of the department, may be brought before the court by the department or any interested person on a motion for modification of placement. ~~If neither the department, the child, the parents, the legal custodian, nor any appointed guardian ad litem or attorney ad litem object to the change, then the court may enter an order making the change in placement without a hearing.~~ The court may enter an order making the change in placement without a hearing unless a party or the current caregiver objects to the change. If ~~the department, the child, the parents, the legal custodian, or any appointed guardian ad litem or attorney ad litem~~any party or the current caregiver object~~s~~ to the change of placement, the court ~~shall~~must conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.

(1) – (2) [No change]

(b)   **Standard for Changing Custody.**

(1)   *Generally*. The standard for changing custody of the child ~~shall~~must be the best interests of the child as provided by law. When determining whether a change of legal custody or placement is in the best interests of the child, the court ~~shall consider:~~must consider the best interests factors provided by law, the report filed by the multidisciplinary team, if applicable, and the priority of placements as provided by law, or as otherwise provided by law.

(A) The child's age.

(B) The physical, mental, and emotional health benefits to the child by remaining in his or her current placement or moving to the proposed placement.

(C) The stability and longevity of the child's current placement.

(D) The established bonded relationship between the child and the current or proposed caregiver.

(E) The reasonable preference of the child, if the court has found that the child is of sufficient intelligence, understanding, and experience to express a preference.

(F) The recommendation of the child's current caregiver,.

(G) The recommendation of the child's guardian ad litem, if one has been appointed.

(H) The child's previous and current relationship with a sibling, if the change of legal custody or placement will separate or reunite siblings.

(I) The likelihood of the child attaining permanency in the current or proposed placement.

(J) Any other relevant factors.

(2) *Rebuttable presumption.*

(A) In a hearing on a change of physical custody when the child has been in the same safe and stable placement for 9 consecutive months or more, a rebuttable presumption that it is in the child's best interest to remain permanently in his or her current placement applies as required by law.

(B) A caregiver who objects to the department's official position on the change in physical custody must notify the

court and the department of his or her objection and the intent to request an evidentiary hearing in writing within 5 days after receiving notice of the department's official position.

(C) Within 7 days after receiving written notice from the caregiver, the court must conduct an initial case status hearing, at which time the court must:

(i) grant limited purpose party status to the current caregiver who is seeking permanent custody and has maintained physical custody of that child for at least 9 continuous months for the limited purpose of filing a motion for a hearing on the objection and presenting evidence pursuant to this rule;

(ii) appoint an attorney for the child who is the subject of the permanent custody proceeding, in addition to the guardian ad litem, if one is appointed;

(iii) advise the caregiver of his or her right to retain counsel for purposes of the evidentiary hearing; and

(iv) appoint a court-selected neutral and independent licensed professional with expertise in the science and research of child-parent bonding.

(D) The court must conduct the evidentiary hearing and provide a written order of its findings regarding the placement that is in the best interest of the child no later than 90 days after the date the caregiver provided written notice to the court. The court must provide its written order to the department, the caregiver, and the prospective caregiver.

(23) [No change]

(34) [No change]

**(c) – (d)    [No change]**

**Committee Note**

- 14 -

**2022 Amendment**. Multiple sections of this rule were amended in response to ch. 2021-169, Laws of Florida.

## RULE 8.415.   JUDICIAL REVIEW OF DEPENDENCY CASES

**(a)   [No change]**

**(b)   Scheduling Hearings.**

(1) – (2) [No change]

(3)   *Review Hearings for Children 16 Years of Age.* The court must provide the child the opportunity to address the court and must review the child's independent living transition services. The foster parent, legal custodian, or guardian ad litem may also provide any information relevant to the child's best interest to the court. At the first hearing after the child's 16th birthday, the court must inquire about the life skills the child has acquired and whether they are age-appropriate, and the department must provide a report that includes specific information as to the life skills the child has acquired since the child's 13th birthday, or since the child came into foster care, whichever came later.

(3<u>4</u>)   [No change]

(4<u>5</u>)   [No change]

**(c) – (i)   [No change]**

### Committee Notes

**1991 Adoption.** The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court is also permitted to extend or modify the plan.

**2022 Amendment.** Section (b) of this rule was amended in response to ch. 2021-169, Laws of Florida.

# RULE 8.540.   MOTION TO REINSTATE PARENTAL RIGHTS

(a)   **Initiation of Proceedings.** Following a termination of parental rights, the department, the parent whose rights were terminated, or the child, may file a motion to reinstate the parent's parental rights as provided by Chapter 39, Florida Statutes.

(b)   **Initial Evidentiary Hearing on Motion.**

(1)   *Notice of Hearing.* The court must issue a notice of the hearing on the motion to the parties and participants. The notice must state the issue to be determined and that the movant is required to present evidence at the hearing on the motion.

(2)   *Burden to Present Evidence and Proof.* At the initial evidentiary hearing, the movant has the burden of presenting relevant evidence. All other parties may present evidence regarding the claims raised.

(3)   *Generally.*  When evaluating a motion to reinstate parental rights, the court must consider all relevant evidence including the criteria provided in Chapter 39, Florida Statutes. The court determines if the movant met the criteria provided by law by clear and convincing evidence.

(c)   **Transition Period.**

(1)   *Visitation and Trial Home Visits.* If the court determines that the movant met the criteria at the initial evidentiary hearing, the court must order the department to conduct supervised visitation and trial home visits between the child and the former parent for at least 3 consecutive months following the completion of an approved home study. The court must consider the multidisciplinary team's transition plan.

(2)   *Reports and Notifications*. During the period of visitation and trial home visits, the court must consider reports provided by the department every 30 days regarding the supervised visitation, home visits, and the department's recommendation for

reinstatement of parental rights. The court must also consider any notifications by the department of termination of visitations due to allegations of abuse, neglect, or abandonment, if the child's safety or well-being is threatened, or if continuing visitation is not in the child's best interest.

**(d)    Final Evidentiary Hearing for Consideration of the Reinstatement of Parental Rights.**  Within 30 days of either completion of the period of visitation and trial home visits or the department's termination of trial home visits, the court must conduct a final evidentiary hearing on the motion. The court may reinstate parental rights upon a finding of clear and convincing evidence that it is in the best interest of the child. If visits are terminated and the court finds it is not in the child's best interest to reinstate parental rights, the court must deny the motion to reinstate.

**(e)    Retention of Jurisdiction Following Reinstatement of Parental Rights.** Upon ordering reinstatement of parental rights, the court must place the child in the custody of the former parent with an in-home safety plan. The court must retain jurisdiction for at least 6 months during which the court must consider the department's reports on the stability of the placement. At the end of the 6 months, the court must determine whether its jurisdiction should continue or be terminated based on the received reports or any other relevant factors. If the court retains jurisdiction, the court must review the continued retention of jurisdiction every 3 months thereafter until the court terminates its jurisdiction or the child reaches the age of majority.

**Committee Note**

**2022 Amendment.** This rule was created in response to ch. 2021-169, Laws of Florida.

**FORM 8.973A.    ORDER ON JUDICIAL REVIEW FOR CHILD AGE 16**

ORDER ON JUDICIAL REVIEW FOR CHILD

OVER AGE 16 AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....    .....(Name)....., Child

.....    .....(Name)....., Attorney for the Child

.....    .....(Name)....., Petitioner

.....    .....(Name)....., Attorney for the petitioner

.....    .....(Name)....., Attorney for the department

.....    .....(Name)....., Department caseworker

.....    .....(Name)....., Mother

.....    .....(Name)....., Attorney for mother

.....    .....(Name)....., Father of .....(child).....

.....    .....(Name)....., Attorney for father

.....    .....(Name)....., Guardian ad litem

.....    .....(Name)....., Attorney for guardian ad litem

.....    .....(Name)....., Legal custodian

.....    .....(Name)....., Attorney for legal custodian

.....    .....(Name)....., Other: .........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

and the court having considered:

.....    Judicial Review Social Study Report filed by the department that includes specific information related to the life skills that the child has

acquired since the child's 13th birthday or since the date the child came into foster care, whichever came later;

..... Statement/homestudy filed by the department;

..... Report of the guardian ad litem;

..... A case plan, dated .........., filed by the department;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

..... Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

..... .....(Name)....., Child

..... .....(Name)....., Attorney for the Child

..... .....(Name)....., Petitioner

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other: ..........

3. The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4. The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

5. The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6. The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

7. The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8. The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9. The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10. The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11. The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12. The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13. The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14. The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15. The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16. The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17. The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18. The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19. The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

..... 20. It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)...... The department has placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

..... 21. Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible, consistent with the child(ren)'s best interests and special needs.

..... 22. The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite the siblings: ..........

..... It is not in the siblings' best interest to be reunited in their placement because: ..........

..... The separate siblings have the following frequency, kind, and duration of contacts: ..........

..... 23. Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

..... 24. Prevention or reunification services ..... were not ..... were indicated and are as follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ..........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

..... 25. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: .......... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

..... 26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

..... 27. The department ..... has ..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

..... 28. The child has acquired the following life skills: ..........

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

3. Other: ...........

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8. This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at any time prior to the 21st birthday, or 22nd birthday if the child has a disability.

9. This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to ...........

**FORM 8.973A<u>B</u>.  ORDER ON JUDICIAL REVIEW FOR CHILD AGE 17 OR OLDER**

ORDER ON JUDICIAL REVIEW FOR CHILD

OVER AGE 17 AND NOTICE OF NEXT HEARING

THIS CAUSE came on to be heard on .....(date)..... for Judicial Review on the report filed by the Department of Children and Families in this cause under chapter 39, Florida Statutes.

The following persons appeared before the court:

.....     .....(Name)....., Child

.....     .....(Name)....., Attorney for the Child

.....     .....(Name)....., Petitioner

.....     .....(Name)....., Attorney for the petitioner

.....     .....(Name)....., Attorney for the department

.....     .....(Name)....., Department caseworker

.....     .....(Name)....., Mother

.....     .....(Name)....., Attorney for mother

.....     .....(Name)....., Father of .....(child).....

.....     .....(Name)....., Attorney for father

.....     .....(Name)....., Guardian ad litem

.....     .....(Name)....., Attorney for guardian ad litem

.....     .....(Name)....., Legal custodian

.....     .....(Name)....., Attorney for legal custodian

.....     .....(Name)....., Other: ..........

COMMENT: The name of the guardian ad litem and the attorney ad litem, if appointed, must be listed on the order, even if he or she was not present.

and the court having considered:

.....     Judicial Review Social Study Report filed by the department;

..... Because the child reached the age of 17 within the past 90 days, written verification that the child:

..... Has been provided with a current Medicaid card and has been provided all necessary information concerning the Medicaid program;

..... Has been provided with a certified copy of his or her birth certificate; and has a valid Florida driver's license or has been provided with a Florida identification card;

..... Has a social security card and has been provided information relating to Social Security Insurance benefits, if the child is believed to be eligible;

..... Has received a full accounting if there is a Master Trust for the child and has been informed as to how to access those funds;

..... Has been provided with information related to the Road-to-Independence Program, including eligibility requirements, information on participation, and assistance in gaining admission to the program; If the child is eligible for the Road-to-Independence Program, has been informed that he or she may reside with the licensed foster family or group care provider with whom the child was residing at the time of attaining his or her 18th birthday or may reside in another licensed foster home or with a group care provider arranged by the department;

..... Has an open bank account or the identification necessary to open a bank account and the information necessary to acquire essential banking and budgeting skills;

..... Has been provided with information on public assistance and how to apply;

..... Has been provided a clear understanding of where he or she will be living on his or her 18th birthday, how living expenses will be paid, and what educational program the child will be enrolled in;

..... Has been provided with information as to the child's ability to remain in care until he [or she] reaches 21 years of age or 22 years of age if he/she has a disability;

..... Has been provided with a letter stating the dates that the child is under the jurisdiction of the court;

..... Has been provided with a letter stating that the child is in compliance with financial aid documentation requirements;

..... Has been provided his or her educational records;

..... Has been provided his or her entire health and mental health records;

..... Has been provided with information concerning the process for accessing his or her case file;

..... Has been provided with a statement encouraging the child to attend all judicial review hearings occurring after his or her 17th birthday; and

..... Has been provided with information on how to obtain a driver license or learner's driver license.

..... Statement/homestudy filed by the department;

..... Report of the guardian ad litem;

..... A case plan, dated .........., filed by the department ~~that includes information related to independent living services that have been provided since the child's 13th birthday or since the date the child came into foster care, whichever came later~~;

..... Statement by the child's caretaker on the progress the child has made in acquiring independent living skills;

..... Whether or not the child is a citizen and, if the child is not a citizen, the steps that have been taken to address the citizenship or residency status of the child;

..... Other: ..........

AND THE COURT having heard testimony and argument, and having been otherwise duly advised in the premises finds:

1. That the minor child(ren) who is/are the subject matter of these proceedings was/were adjudicated dependent, continue to be dependent, is/are of an age subject to the jurisdiction of the court, and is/are resident(s) of the state of Florida.

2. The following parties were notified of this hearing and provided a copy of the documents filed for this hearing:

..... .....(Name)....., Child

..... .....(Name)....., Attorney for the Child

..... .....(Name)....., Petitioner

- 27 -

..... .....(Name)....., Attorney for the petitioner

..... .....(Name)....., Attorney for the department

..... .....(Name)....., Department caseworker

..... .....(Name)....., Mother

..... .....(Name)....., Attorney for mother

..... .....(Name)....., Father of .....(child).....

..... .....(Name)....., Attorney for father

..... .....(Name)....., Guardian ad litem

..... .....(Name)....., Attorney for guardian ad litem

..... .....(Name)....., Legal custodian

..... .....(Name)....., Attorney for legal custodian

..... .....(Name)....., Other: ..........

3.     The child has been given the opportunity to address the court with any information relevant to the child's best interests.

4.     The mother, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of her right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive her right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

5.     The father, .....(name).....:

..... did not appear and ..... was ..... was not represented by legal counsel;

..... appeared ..... with ..... without legal counsel and ..... was ..... was not advised of his right to legal counsel;

knowingly, intelligently, and voluntarily ..... waived ..... did not waive his right to legal counsel; and

..... was ..... was not determined to qualify as indigent and

..... was ..... was not appointed an attorney.

COMMENT: Repeat above for each father.

6.     The department filed a judicial review report with the court on .....(date)...... This judicial review report ..... is ..... is not in compliance with the statutory requirements.

7.     The following parents/legal custodians were notified of their right to participate in the preparation of the case plan and to receive assistance from any other person in the preparation of the case plan: .....(names of those notified)......

8.     The mother has complied with the following tasks in the case plan: .....(list tasks complied with)......

9.     The mother has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

10.     The father, .....(father's name)....., has complied with the following tasks in the case plan: .....(list tasks complied with)......

11.     The father, .....(father's name)....., has not complied with the following tasks in the case plan: .....(list tasks not complied with)......

12.     The mother ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

13.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

14.     The department ..... has ..... has not complied with court ordered visitation as follows: .....(explanation of visitation compliance)......

15.     The mother ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

16.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered financial support for the child as follows: .....(explanation of financial compliance)......

17.     The mother ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

18.     The father, .....(father's name)....., ..... has ..... has not complied with court ordered meetings with the department as follows: .....(explanation of meetings compliance)......

19.     The department ..... has ..... has not complied with court ordered meetings with the parents as follows: .....(explanation of meetings compliance)......

COMMENT: Use 20, 21, 22, 23, & 24 if child(ren) is/are not placed in the home of a parent.

.....   20.     It is in the best interest of the minor child(ren) to be placed in the care and custody of .....(placement ordered)...... The department has placement and care responsibility while the child(ren) is/are under protective supervision in an out-of-home placement.

.....   21.     Placement of the minor child(ren) in the care and custody of .....(placement ordered)..... is in a setting which is as family like and as close to the home as possible,    consistent with the child(ren)'s best interests and special needs.

.....   22.     The children ..... are ..... are not separated in their placements. The following efforts have been made to reunite the siblings: ..........

.....   It is not in the siblings' best interest to be reunited in their placement because: ..........

.....   The separate siblings have the following frequency, kind, and duration of contacts: ..........

.....   23.     Return of the minor child(ren) to the custody of .....(person(s) from whom child(ren) was/were originally removed)..... would be contrary to the best interest and welfare of the minor child(ren). The child(ren) cannot safely ..... remain ..... return home with services and removal of the child(ren) is necessary to protect the child(ren).

.....   24.     Prevention or reunification services ..... were not ..... were indicated and are as   follows: .....(services indicated)...... Further efforts could not have shortened separation of this family because ...........

COMMENT: Use 25 if child(ren) remain(s) or is/are returned to the parent(s).

..... 25. The child(ren) can safely ..... remain with ..... be returned to .....(parent('s)(s') name(s))..... as long as he/she/they comply(ies) with the following: ........... The safety, well-being, and physical, mental, and emotional health of the child(ren) are not endangered by allowing the child(ren) to ..... remain ..... return home.

..... 26. The child's petition and application for special immigrant juvenile status or other immigration decision remains pending.

..... 27. The department ..... has ..... has not complied with its obligation as specified in the written case plan or in the provision of independent living services as required by Florida Statutes.

THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:

1. The minor child(ren), .....(name(s))....., be placed in the custody of .....(name)....., under supervision of the department.

2. The judicial review report filed by the department is:

..... not accepted and a continuance was requested.

..... accepted by the court.

3. Other: ...........

4. All prior orders not inconsistent with the present order shall remain in full force and effect.

5. This court shall retain jurisdiction over this cause to enter any such further orders as may be deemed necessary for the best interest and welfare of the minor child(ren).

6. This court shall retain jurisdiction until the final decision is rendered by the federal immigration authorities, or upon the immigrant child's 22nd birthday, whichever shall occur first.

7. This court shall retain jurisdiction until the child's 19th birthday for the purpose of determining whether appropriate services to be provided to the young adult before reaching 18 years of age have been provided to the youth.

8. This court shall retain jurisdiction until the child's 21st birthday, or 22nd birthday if the child has a disability, unless the young adult chooses to leave foster care upon reaching 18 years of age, or if the young adult does not meet the eligibility requirements to remain in foster care or chooses to leave care at

any time prior to the 21st birthday, or 22ⁿᵈ birthday if the child has a disability.

9.      This matter is scheduled for Judicial Review on .....(date)..... at .....(time)......

DONE AND ORDERED in .........., Florida, on .....(date)......

_____
Circuit Judge

**NOTICE OF HEARING**

**The Juvenile Court hereby gives notice of hearing in the above-styled cause on .....(date)..... at .......... a.m./p.m., before .....(judge)....., at .....(location)....., or as soon thereafter as counsel can be heard.**

COMMENT: The following paragraph must be in bold, 14 pt. Times New Roman or Courier font.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact .....(name, address, and telephone number)..... at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711.**

**PLEASE BE GOVERNED ACCORDINGLY.**

Copies furnished to ...........

**FORM 8.973B~~B~~<u>C</u>.  [NO CHANGE]**

**FORM 8.973~~C~~D.  [NO CHANGE]**